UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:    RALPH K. WINTER,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALICE SOSA,

       *Plaintiff-Appellant*,

    -v-                                                    19-2914-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, MARCY BERGER, in her official and individual capacity, ALEXANDRA MARKOVICH, in her official and individual capacities, NANCY BUCELLA, in her official and individual capacities, GERRY EDWARDS, in his official and individual capacities,

       *Defendants-Appellees*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| FOR PLAINTIFF-APPELLANT: | STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, New York. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | MELANIE T. WEST, Assistant Corporation Counsel (Richard Dearing, Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Alice Sosa appeals the district court's judgment, entered August 26, 2019, granting summary judgment in favor of defendants-appellants New York City Department of Education (the "DOE"), Marcy Berger, Alexandra Markovich, Nancy Bucella, and Gerry Edwards (collectively, "defendants"), pursuant to Federal Rule of Civil Procedure 56, with respect to her claims of discrimination and retaliation under federal, state, and city law. Sosa, who self-identifies as a Black, Afro-West Indian woman, was employed as a teacher at the DOE and alleged, *inter alia*, a failure-to-accommodate claim under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12102 *et seq.*, and retaliation and hostile work environment claims under 42

U.S.C. §§ 1981 and 1983.[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2003, Sosa began working as a teacher for the DOE.  In 2006, she was transferred to a different school where she taught special education.  The special education students were "on the autism spectrum and some exhibit[ed] aggressive behavior."  J. App'x at 2365.

In 2007, Sosa was diagnosed with breast cancer and began chemotherapy during the 2007-08 school year.  During the time periods relevant to this appeal, she underwent several surgeries related to her breast cancer.  Sosa also had hernia repair surgeries in 2010, February 2012, and March 2013.  Sosa went on leave under the Family Medical Leave Act (the "FMLA") in 2007 in connection with her cancer treatment and in 2013 after her hernia surgery.  At deposition, Sosa confirmed that her breast cancer was in remission, and she denied "suffer[ing] [from] a hernia" at the time of the deposition on February 5, 2016.  During her employment with the DOE, Sosa alleges, *inter alia*, that defendants failed to accommodate her disability, retaliated against her for taking FMLA leave, and subjected her to a hostile work environment.

On September 11, 2013, Sosa filed a complaint with the New York State Division of Human Rights (the "NYSDHR").  On March 7, 2014, the NYSDHR issued a

---

[1]    Sosa asserted a variety of race- and disability-based claims below, but only disputes three of those claims on appeal.

final investigation report finding probable cause to support the allegations in Sosa's complaint. On September 10, 2014, the Equal Employment Opportunity Commission issued a right-to-sue notice, and Sosa filed the instant action on December 4, 2014. After discovery concluded, the district court granted summary judgment in favor of defendants, finding no genuine dispute of material fact as to whether defendants failed to accommodate Sosa's disability, retaliated against her for taking leave under the FMLA, or created a hostile work environment.[2] For the following reasons, we affirm the district court's grant of summary judgment in favor of defendants and dismissal of Sosa's complaint.

## DISCUSSION

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[2]   Sosa asserted an additional claim for failure to accommodate her disability by refusing to change her lunch hour. This claim was not dismissed in the district court's summary judgment decision, but it was dismissed on August 20, 2019, following an evidentiary hearing. Sosa has not challenged this ruling on appeal.

4

**I.    *Failure-to-Accommodate***

The ADA protects people with disabilities, defined as individuals with "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). The statute prohibits discriminating against an employee with a disability "on the basis of disability," 42 U.S.C. § 12112(a), which could include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112(b)(5)(A). To establish a claim under a failure-to-accommodate theory, Sosa must demonstrate that: "(1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, [she] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013).

On appeal, Sosa's failure-to-accommodate claim is based on defendant Markovich's alleged refusal to remove an aggressive student from her class.[3] Sosa contends that in September 2012, she requested to have a student removed from her class because she feared re-injury following hernia-related surgery in February 2012.

---

[3]    Sosa also contends that Markovich subsequently placed another aggressive student into her class, but the record suggests that Sosa requested the transfer of the new student to her classroom. In any event, her failure-to-accommodate claim is premised on Markovich's alleged failure to transfer the first aggressive student out of her classroom.

5

The record shows that the aggressive student was removed from Sosa's class a few months after her request.

Here, while the parties agree that hernias likely qualify as a "physical or mental impairment," and thus a "disability" under the ADA, Sosa failed to submit evidence below from which a jury could find that she could not perform tasks as a special education teacher in the 2012-2013 school year without reasonable accommodations. At deposition and in an affidavit, Sosa testified that she wanted the student transferred because her "strength was not the same" after undergoing chemotherapy, J. App'x at 136, and that the student "posed a particular danger" due to her "medical conditions," J. App'x at 2345-46. Yet, Sosa never testified, and the record does not contain evidence to show, that she could not perform her duties as a special education teacher without accommodation, or that she was suffering a disability covered by the ADA at the time of her request in September 2012. While breast cancer and hernias likely qualify as protected disabilities under the ADA, the statute does not protect Sosa's fear of reinjury some seven months after her hernia surgery in February 2012. *See Felix v. N.Y.C. Transit Auth.*, 324 F.3d 102, 106 (2d Cir. 2003) (affirming dismissal of failure-to-accommodate claim after plaintiff failed to seek an accommodation "flow[ing] directly from her disability"). Accordingly, the district court properly granted summary judgment on Sosa's failure-to-accommodate claim.

## II. *Retaliation*

To establish a *prima facie* case of FMLA retaliation, Sosa must show that: (1) she "exercised rights protected under the FMLA," (2) she "was qualified for [her] position," (3) she "suffered an adverse employment action," and (4) the "adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). The definition of a materially adverse employment action in the FMLA context is equivalent to the definition applicable in the Title VIII retaliation context. *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "[A] plaintiff may recover for retaliation by 'show[ing] that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 43 (2d Cir. 2019) (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006)) (emphasis omitted).

On appeal, Sosa contends that defendants unlawfully retaliated against her for taking leave under the FMLA by: (1) sending her a letter dated January 25, 2012, requesting medical documentation and informing her that due to her one month absence, she was considered "AWOL[] and in jeopardy of losing [her] position," J. App'x at 500 (the "Letter"); and (2) transferring her to a different school in fall 2013 (the "transfer"). The district court dismissed the retaliation claims, holding that Sosa failed

7

to establish a *prima facie* case for retaliation under the FLMA because she did not suffer any adverse employment action.

Here, the district court correctly dismissed Sosa's retaliation claim because neither the Letter nor the transfer constitutes an adverse employment action under this Court's precedent. First, the Letter did not constitute an adverse employment action because, as the record shows, no negative consequences resulted. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72 (2d Cir. 2019) ("Harsh reprimands do not rise to the level of an adverse employment action where there is no tangible effect on employment."). Second, the transfer similarly did not qualify as an adverse employment action because a lateral transfer without "any evidence that [Sosa] was demoted, received decreased benefits, worse job duties, or anything else that affected [her] employment" is insufficient. *Id.*; *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 207 (2d Cir. 2006) ("[A] transfer that does not change the conditions of employment is a mere inconvenience or an alteration of job responsibilities, and hence is not materially adverse" (alterations and internal quotation marks omitted)). Sosa did not allege below that the transfer impacted her salary, position, or seniority as a DOE employee. Sosa claims the transfer affected her building seniority, but the record does not support this bare allegation. Indeed, the record shows that Sosa was transferred to a school within a 10-15 minute drive from her old school, and also that she was placed in a classroom consistent with her preference to teach kindergarten, first, and second grade.

Accordingly, we conclude that, on this record, a reasonable jury could not find that the Letter and transfer sufficiently affected the conditions of Sosa's employment to constitute an adverse employment action.

**III.** *Hostile Work Environment*

To establish a hostile work environment claim, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (internal quotation marks omitted). In conducting this analysis, this Court considers: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; (4) whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 82 (2d Cir. 2009) (internal quotation marks omitted).

Here, Sosa alleges only "mere offensive utterance[s]." *Id.* As this Court has observed, however, "Title VII does not set forth 'a general civility code for the American workplace,'" *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)), and "[s]imple teasing [or] offhand comments . . . will not amount to discriminatory changes in the

terms and conditions of employment," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). While there is some evidence that Sosa was subject to sporadic teasing and offhand comments, on this record, no reasonable jury could conclude that the workplace was "permeated with discriminatory intimidation, ridicule, and insult" such that the environment "alter[ed] the conditions" of Sosa's employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted).

\* \* \*

We have considered Sosa's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit